DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Terrence Dunning ("Dunning"), appeals from his convictions in the Medina County Court of Common Pleas. This Court affirms.
 I. {¶ 2} In February of 2005, Dunning was indicted on five counts of trafficking in crack cocaine, in violation of R.C. 2925.03. The charges stemmed from events that occurred in late 2004 involving a confidential informant. On October 20, 2005, Dunning sought a writ of prohibition from the Supreme Court of Ohio. The writ was dismissed in November of 2005. On December 20, 2005, the State dismissed the charges against Dunning. On January 20, 2006, Dunning *Page 2 
was indicted on the same five counts originally charged in the February of 2005 indictment. Dunning pled not guilty to the charges in the indictment.
 {¶ 3} On April 25, 2006, Dunning filed a motion to dismiss the indictment due to structural error in the grand jury drawing and the petit jury venire drawing. He simultaneously filed a motion to dismiss based on an alleged violation of his right to a speedy trial. On April 26, 2006, the trial court denied the motion to dismiss for defect in the drawing of the grand jury and petit jury as untimely and denied the motion to dismiss for lack of a speedy trial on its merits. On April 27, 2006, Dunning filed a request for findings of fact and conclusions of law concerning the trial court's denial of his motion to dismiss for lack of a speedy trial. Also on April 27, 2006, Dunning filed a motion for leave to file a motion to reconsider his motion to dismiss the indictment due to structural error in the grand jury drawing and petit jury drawing. On April 28, 2006, before the trial court ruled on his motion for leave, Dunning filed a motion to reconsider his motion to dismiss. On April 28, 2006, the trial court dismissed this motion as untimely. On April 28, 2006, Dunning again sought a writ of prohibition from the Supreme Court of Ohio. The Court dismissed this motion and awarded sanctions against Dunning's counsel referring to the writ as a "frivolous prohibition action." On August 7, 2006, Dunning filed a motion to dismiss the petit jury venire array for wholesale violation of the Ohio Jury Code, R.C. 2313.01 through R.C. 2313.47. On August 7, 2006, a change of plea hearing was held and Dunning entered a plea *Page 3 
of no contest to the five counts charged in the indictment. Dunning was sentenced to four years in prison. His sentence was stayed pending the outcome of this appeal. Dunning timely appealed to this Court, raising three[1] assignments of error for our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED BY DENYING [DUNNING'S] MOTION TO DISMISS THE INDICTMENT, FILED ON APRIL 25, 2006, FOR WHOLESALE VIOLATION OF THE JURY CODE, [R.C.] 2313.01 THROUGH [R.C.] 2313.47 AND [R.C.] 2939.02 ET SEQ., WITHOUT HOLDING A HEARING THEREON, WHERE SAID WHOLESALE VIOLATION OF THE JURY CODE UNDERMINED THE STRUCTURAL INTEGRITY OF THE CRIMINAL TRIBUNAL AND RENDERED THE INDICTMENT VOID."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY DENYING [DUNNING'S] MOTION TO DISMISS THE PETIT JURY VENIRE, FILED ON AUGUST 7, 2006, FOR WHOLESALE VIOLATION OF THE JURY CODE [R.C.] 2313.01 THROUGH [R.C.] 2313.47 AND [R.C.] 2939.02 ET SEQ., WITHOUT HOLDING A HEARING THEREON, WHERE SAID WHOLESALE VIOLATION OF THE JURY CODE UNDERMINED THE STRUCTURAL INTEGRITY OF THE CRIMINAL TRIBUNAL AND RENDERED THE INDICTMENT VOID." *Page 4 
 {¶ 4} In his first and second assignments of error, Dunning contends that the trial court erred by denying his motion to dismiss the indictment filed on April 25, 2006, and on August 7, 2006, for wholesale violation of the jury code without holding a hearing. He contends that the violation undermined the structural integrity of the criminal tribunal and rendered the indictment void. We do not agree.
 {¶ 5} In the instant case, Dunning was provided a copy of the trial court's criminal scheduling order. This order states that "[a]ll pretrial motions shall be filed in accordance with Crim.R. 12. Any pretrial motions not filed in accordance with Crim.R. 12 shall be summarily overruled unless leave of court is obtained prior to filing." Crim. R. 12(D) provides that "[a]ll pretrial motions * * * shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier. The court in the interest of justice may extend the time for making pretrial motions." Dunning was arraigned on March 3, 2006. His trial was set for May 2, 2006. He filed his motion to dismiss the indictment due to structural error in the grand jury drawing and the petit jury venire drawing on April 25, 2006. The trial court dismissed the motion, stating that it had been untimely filed.
 {¶ 6} The denial of a pretrial motion pursuant to Crim.R. 12(D) is a matter within the trial court's discretion. See Akron v. Milewski
(1985), 21 Ohio App.3d 140, 142. Upon review, we can reverse the trial court only upon a finding that it *Page 6 
abused its discretion. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. OhioState Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 7} Under Crim.R. 12(D), Dunning had until April 6, 2006 to file pretrial motions without obtaining leave from the court. Dunning filed his motion to dismiss on April 25, 2006. This motion was denied on April 26. On April 27, Dunning filed his motion for leave to file his motion to reconsider his motion to dismiss after the 35 day time frame provided for under Crim.R. 12(D). It is important to note that Dunning did not attempt to obtain leave until after his motion to dismiss had already been denied by the court. Therefore, in accordance with its criminal scheduling order, the trial court again dismissed the motion.
 {¶ 8} On April 28, 2006, Dunning filed a motion to reconsider his motion to dismiss. Again, the trial court denied this motion on the basis that it was untimely. On May 4, 2006, the trial court continued the jury trial. On August 7, 2006, the morning of his trial, Dunning filed a motion to dismiss the petit jury venire array for the wholesale violation of the Ohio Jury Code. Again, the trial court denied the motion, but allowed Dunning's counsel to proffer the evidence *Page 7 
that he would have shown had he been afforded a hearing. As above, this motion was untimely filed. Dunning did not file a motion for leave to file until after 35 days had lapsed, as required by Crim.R. 12(D). Further, this motion was filed on the day of trial.
 {¶ 9} Dunning contends that this denial without a hearing was unreasonable. We do not agree. Dunning simply argues to this Court that because his April 25 motion was filed seven days before the scheduled trial, his motion was timely. He makes no argument regarding the timing of his August 7 motion. Dunning's argument regarding his April 25 motion is incorrect. Crim.R. 12(D) states that the motions must be filed "within thirty-five days after arraignment or seven days before trial,whichever is earlier." (Emphasis added.) In this instance, Dunning's 35 day time limitation expired on April 6, 2006. Seven days before his scheduled trial, set for May 2, 2006, would have been April 25, 2006. Clearly, April 6 is earlier than April 25. As such, Dunning did not comply with Crim.R. 12(D) or the trial court's criminal scheduling order, which warned of summary dismissal for failure to comply. Accordingly, there is no evidence before this Court which supports Dunning's allegations.
 {¶ 10} Further, the Ohio Supreme Court has explained that
 "the failure to follow the procedure set forth in R.C. 2313.01 et seq. for the selection of grand jury venires does not ipso facto reverse an otherwise valid conviction of a defendant. If the actual grand jurors that are impaneled possess the requisite qualifications to be grand jurors, then any irregularities will be viewed as non-prejudicial unless the defendant can make a showing that he was prejudiced by *Page 8 
the selection process." State v. Fulton (1991), 57 Ohio St.3d 120, 124, citing State v. Puente (1982), 69 Ohio St.2d 136, 138.
Dunning does not allege that the grand jury members were not qualified to be grand jurors. Rather, he only argues that the procedures set forth in R.C. 2313.01 et seq., were not adequately followed. He citesState v. Gunther (Jan. 2, 1998), 125 Ohio App.3d 226, for the proposition that the trial court's dismissal of his motion without a hearing was unreasonable. However, in that case, the State conceded that procedures under the jury code had been violated. Therefore, theGunther court had evidence before it to find that the trial court should have held an evidentiary hearing to determine if the appellant was prejudiced by the violation. There are no such concessions before this Court.
 {¶ 11} Further, the Ohio Supreme Court has stated that "R.C. 2313.41, relating to challenging an array of grand or petit jurors, states that `no indictment shall be quashed or verdict set aside for any such irregularity * * * if the jurors who formed the same possessed the requisite qualifications to act as jurors.'" Puente,69 Ohio St. 3d at 138, quoting R.C. 2313.41. Even if the record were to support Dunning's arguments regarding the violation of the jury code, our independent review does not support, nor does Dunning argue, that he was prejudiced by the selection process. See Fulton, 57 Ohio St.3d at 124;Puente, 69 Ohio St.2d at 138.
 {¶ 12} Accordingly, Dunning's first and second assignments of error are overruled. *Page 9 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED BY DENYING [DUNNING'S] MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF HIS RIGHT TO A SPEEDY TRIAL, WHERE [DUNNING] ESTABLISHED A PRIMA FACIE CASE FOR DISCHARGE UNDER [R.C.] 2945.71 ET SEQ., DUE TO THE LAPSE OF FOUR HUNDRED THIRTY-THREE (433) DAYS TIME FROM THE DATE OF HIS ARREST IN THE ORIGINAL CASE ON FEBRUARY 10, 2005, WITHOUT HOLDING A HEARING THEREON AND WITHOUT ISSUING FINDINGS OF FACT AND CONCLUSIONS OF LAW AS FORMALLY REQUESTED BY [DUNNING] ."
 {¶ 13} In his third assignment of error, Dunning contends that the trial court erred by denying his motion to dismiss the indictment for violation of his right to a speedy trial. Dunning further argues that he established a prima facie case for discharge due to the lapse of 433 days from the date of his arrest in the original case. We do not agree.
 {¶ 14} Both the United States Constitution and Section 10, Article I
of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219-20. Further, the courts must strictly enforce such rights. Id. at 221. This "strict enforcement has been grounded in the conclusion that the speedy trial statutes implement the constitutional guarantee of a public speedy trial." Id., citing State v. Pudlock (1975), 44 Ohio St.2d 104, 105.
 {¶ 15} R.C. 2945.71 dictates the time limits within which a defendant must be brought to trial. Under R.C. 2945.71(C)(2), a person charged with a felony "[s]hall be brought to trial within two hundred seventy days after the person's *Page 10 
arrest." This time period may be extended for a number of reasons enumerated under R.C. 2945.72. Therefore, to determine if the trial court erred in denying Dunning's motion to dismiss based on speedy trial grounds, this Court must review the record and determine the "exact number of days that should have been tallied against the state[.]"State v. Broughton (1991), 62 Ohio St.3d 253, 257.
 {¶ 16} We agree with Dunning's contention that the time period relevant for speedy trial issues began to run when he was arrested under the original indictment. Id. However, we find that we are precluded from reaching the merits of this assigned error. Dunning explains to this Court that only 90 days had elapsed from the time of his second indictment to the filing of his motion to dismiss on speedy trial grounds. Therefore, evidence as to the remaining 180 days is crucial to this Court's determination on the speedy trial issue. However, Dunning has failed to provide us with a copy of the docket arising from this original indictment. We are left with only Dunning's broad assertions and interpretations of the incidents that occurred prior to the record we have before us. Accordingly, Dunning has failed to substantiate his assertions below or to this Court that more than 270 days have lapsed since his arrest.
 {¶ 17} An appellant bears the burden of affirmatively demonstrating the error on appeal, and substantiating his or her arguments in support.Angle v. Western Res. Mut. Ins. Co. (Sept. 16, 1998), 9th Dist. No. 2729-M, at *1; Frecska v. Frecska (Oct. 1, 1997), 9th Dist. No. 96CA0086, at *2. See, also, App.R. *Page 11 
16(A)(7) and Loc.R. 7(A)(6). Therefore, we find that we are unable to reach the merits of this argument as Dunning has failed to satisfy his burden on appeal. As such, Dunning's third assignment of error is overruled.
 III. {¶ l8} Dunning's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 12 
Costs taxed to Appellant.
SLABY, P. J. CARR, J. CONCUR
[1] A fourth assignment of error was raised in the briefs before this Court. However, this assignment of error was withdrawn by Dunning's counsel at oral arguments. Therefore, we will not address his claims that his plea was not knowingly, intelligently and voluntarily made. *Page 1