DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, John Reed, Jr., appeals the decision of the Medina County Court of Common Pleas, which found him guilty of importuning. This Court affirms.
 I. {¶ 2} This appeal arose as a result of the efforts of Detective James Foraker of the Medina County Sheriffs Department. Detective Foraker is part of a three-person unit which investigates computer crimes against children. The officers in the unit pose as children on the internet and wait for people to attempt *Page 2 
to contact the "children." All communications between the police and possible offenders are recorded.
 {¶ 3} On February 3, 2006, an internet user with the moniker "ReedJE1978" sent an invitation initiating an instant message conversation to "Jamie." Detective Foraker had a conversation with "ReedJE1978" posing as "Jamie." During the course of the conversation, "ReedJE1978" asked for a photo of "Jamie," and Detective Foraker emailed him a photo of Deputy Hawkins when she was around fourteen and a half years old. "ReedJE1978" stated that he was nineteen years old, and Detective Foraker replied that "Jamie" was fifteen years old. "ReedJE1978" implied that he wanted to have sex with "Jamie," and plans were made for the two to meet at Dunkin Donuts on Route 18 in Medina. "ReedJE1978" did not show up for the meeting on February 3, 2006, but he did continue to contact "Jamie" by phone through a number that the Sheriffs Office uses for the internet and also through the internet. Several meetings were arranged, but "ReedJE1978" failed to show up to meet Jamie. Once Detective Foraker received information from America Online regarding the name and address for the screen name "ReedJE1978," he and Deputy Samo Mernik went to Reed's home.
 {¶ 4} Reed spoke with Deputies Foraker and Mernik in his backyard. Deputy Foraker explained to Reed how the Sheriffs Office investigates internet offenses against children. Reed admitted that he was the person making the phone *Page 3 
calls and sending internet messages to "Jamie." At that time, Reed also gave a tape-recorded statement.
 {¶ 5} Reed was indicted by the Medina County Grand Jury on one count of importuning, a violation of R.C. 2907.07(D)(2). At his arraignment, Reed pled not guilty. On July 10, 2006, Reed filed a motion to dismiss alleging lack of proper venue in Medina County. On July 3, 2006, Reed filed a motion to dismiss the indictment for wholesale violation of the jury code concerning the annual selection of the grand juries and petit jury venires for Medina County for 2006. Reed filed numerous additional pretrial motions regarding the propriety of the grand jury selection process. On August 28, 2006, the trial court filed an entry ordering Reed to file affidavits to support his allegations.
 {¶ 6} On October 19, 2006, the court filed an entry stating that Reed had failed to file affidavits supporting his allegations of impropriety in the selection of the grand jury and that it would hold a non-evidentiary hearing on Reed's motion to dismiss. On November 9, 2006, a short, non-evidentiary hearing was held on Reed's motion to dismiss on the basis that the grand jury was improperly drawn. The Court stated on the record at the hearing that Reed's motion to dismiss was denied. However, the trial court failed to file a journal entry regarding its denial of Reed's motion to dismiss.
 {¶ 7} A two-day jury trial commenced on January 3, 2007, at the conclusion of which the jury found Reed guilty as charged in the indictment. The *Page 4 
trial court sentenced Reed to a term of imprisonment of six months. Reed timely appealed his conviction, setting forth three assignments of error for review. Some of the assignments of error have been combined to facilitate this Court's review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO DISMISS THE INDICTMENT IN THIS CASE FOR WHOLESALE VIOLATION OF THE OHIO JURY CODE, [R.C.] 2313.01 THROUGH 2313.47 AND [R.C.] 2939.02 ET SEQ."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY FAILING TO DISMISS THE PETIT JURY CALLED TO TRY [REED] IN THIS CASE FOR WHOLESALE VIOLATION OF THE OHIO JURY CODE, [R.C.] 2313.01 THROUGH 2313.47 AND [R.C.] 2939.02 ET SEQ."
 {¶ 8} In his first and second assignments of error, Reed argues that the trial court committed prejudicial error by denying his motions to dismiss the indictment for wholesale violation of the jury code and for failing to dismiss the petit jury for wholesale violation of the jury code. This Court disagrees.
 {¶ 9} This exact issue has been before this Court previously inState v. Dunning, 9th Dist. No. 06CA0087-M, 2007-Ohio-7039, and inState v. Davis, 9th Dist. No. 07CA0028-M, 2008-Ohio-999. Just like the appellants in Dunning and Davis, Reed has not alleged that the grand jury members were not qualified to be grand jurors, but only that the procedures set forth in R.C. 2313.01, et seq. were not adequately followed. *Page 5 
 {¶ 10} "R.C. 2313.41, relating to challenging an array of grand or petit jurors, states that no indictment shall be quashed or verdict set aside for any such irregularity * * * if the jurors who formed the same possessed the requisite qualifications to act as jurors." (Internal quotations omitted.) Dunning at ¶ 11 and Davis at ¶ 8. "Even if the record were to support [Reed's] arguments regarding the violation of the jury code, our independent review does not support, nor does [Reed] argue, that he was prejudiced by the selection process." Id., citingState v. Fulton (1991), 57 Ohio St.3d 120, 124; State v. Puente (1982),69 Ohio St.2d 136, 138.
 {¶ 11} Accordingly, Reed's first and second assignments of error are overruled.
 ASSIGNMENT OF ERROR III "[REED'S] IMPORTUNING CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, WHERE VENUE WAS NOT PROPER IN MEDINA COUNTY."
 {¶ 12} In his third assignment of error, Reed contends that his conviction of importuning was against the manifest weight of the evidence. The sole reason upon which Reed bases his challenge is that venue was not proper in Medina County. This Court disagrees.
 {¶ 13} Although Reed frames his argument as a manifest weight challenge, he is actually arguing that the State failed to present sufficient evidence to establish that venue was proper in Medina County. For the reasons set forth *Page 6 
below, this Court finds that Reed failed to preserve this argument and has waived it for purposes of appeal.
 {¶ 14} Prior to trial, a defendant may raise by motion "any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue." Crim.R. 12(C). However, because venue is a fact that must be proven beyond a reasonable doubt by the State, a pretrial motion challenging venue is not appropriate. A defendant may only challenge venue prior to trial if it equates to an actual defect in the indictment, for example, if the indictment fails to allege venue. See Crim.R. 12(C)(2). There is no evidence in the case at bar indicating that the indictment was defective.
 {¶ 15} In such a case, a defendant may only raise the issue of improper venue at trial via a Crim.R. 29 motion for acquittal, and may later appeal that decision, like any jury determination of fact, based on either the sufficiency of the evidence or manifest weight. SeeState v. Lloyd, 9th Dist. No. 21098, 2003-Ohio-2636, at ¶¶ 8-15. The record reflects that Reed's trial counsel stated on the record at the close of the State's case-in-chief and again at the close of the defense's presentation of its case that he did not wish to make a motion for acquittal pursuant to Crim.R. 29. By deciding not to seek an acquittal pursuant to Crim.R. 29, Reed waived the argument and may not assert it for the first time on appeal. See State v. Wheat, 10th Dist. No. 05AP-30, 2005-Ohio-6958, at ¶ 10, citing State v. Loucks (1971), 28 Ohio App.2d 77, 78. *Page 7 
 {¶ 16} Reed's third assignment of error is therefore, overruled.
 III. {¶ 17} Reed's assignments of error are overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
 Costs taxed to appellant. *Page 8 
 WHITMORE, J., MOORE, J., CONCUR. *Page 1