[Cite as *In re L.S.*, 2016-Ohio-4999.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

IN RE:

    L.S.,                                      CASE NO. 14-15-05

ADJUDGED DEPENDENT CHILD.

                                                 **O P I N I O N**
[JOEL SKAGGS - APPELLANT]
[ERICA SKAGGS - APPELLANT]

IN RE:

    B.S.,                                       CASE NO. 14-15-06

ADJUDGED DEPENDENT CHILD.

                                                 **O P I N I O N**
[JOEL SKAGGS - APPELLANT]
[ERICA SKAGGS - APPELLANT]

Appeals from Union County Common Pleas Court
Juvenile Division
Trial Court Nos. 21530003 and 21530004

**Judgments Reversed and Causes Remanded**

Date of Decision: July 18, 2016

APPEARANCES:

    *Christopher L. Trolinger* for Appellant, Joel Skaggs

    *Robert C. Petty* for Appellant, Erica Skaggs

    *Ashley L. Johns* for Appellee

**PRESTON, J.**

{¶1} Appellants, Erica Skaggs ("Erica") and Joel Skaggs ("Joel"), appeal the April 17, 2015 judgment entries of disposition of the Union County Court of Common Pleas, Juvenile Division. On appeal, Erica and Joel challenge the trial court's March 27, 2015 judgment entries adjudicating Erica and Joel's children, L.S. and B.S., dependent children under R.C. 2151.04(D). For the reasons that follow, we reverse.

{¶2} On January 7, 2015, appellee, the Union County Department of Job and Family Services ("Agency"), filed complaints alleging that L.S. and B.S. are dependent children under R.C. 2151.04(C) and (D). (Case No. 21530003, Doc. No. 1); (Case No. 21530004, Doc. No. 1). The complaints allege that Joel and Erica are married and have two children, L.S. and B.S., together. (*Id.*); (*Id.*). Joel is a stepfather to Erica's other two children, S.L. and A.L. (*Id.*); (*Id.*). According to the complaints, on November 15, 2014, the Agency "received a report of domestic violence and sexual abuse." (*Id.*); (*Id.*). The complaints allege that law enforcement learned during their investigation that Joel "had been inappropriately touching" S.L. (*Id.*); (*Id.*). According to the complaints, the Agency initially "believed that Erica was appropriately protecting" the children because she obtained an ex parte civil protection order on November 21, 2014, barring Joel from having contact with Erica and the four children. (*Id.*); (*Id.*). The complaints

allege, however, that Erica petitioned on December 23, 2014 to have the civil protection order dismissed. (*Id.*); (*Id.*). The complaints continue, "[T]he Agency has concerns about the safety of all the children in the presence of [Joel] based on the history of domestic violence coupled with the sexual abuse of [S.L.]." (*Id.*); (*Id.*).

{¶3} Also on January 7, 2015, the Agency filed motions for temporary orders. (Case No. 21530003, Doc. No. 5); (Case No. 21530004, Doc. No. 5). The trial court issued ex parte orders that day, ordering that Joel have no contact or parenting time with L.S. and B.S. and that Joel vacate the residence. (Case No. 21530003, Doc. No. 13); (Case No. 21530004, Doc. No. 13). The next day, the trial court issued temporary orders of shelter care, with the January 7, 2015 ex parte orders remaining in effect. (Case No. 21530003, Doc. No. 18); (Case No. 21530004, Doc. No. 18). The trial court issued additional temporary orders on February 4, 2015, granting temporary custody of S.L. to her father, Scott Lippencott, ordering that Erica retain custody of L.S., B.S., and A.L., granting Joel supervised visitation with L.S. and B.S., and granting the Agency temporary protective supervision of all four children. (Case No. 21530003, Doc. No. 65); (Case No. 21530004, Doc. No. 65).

{¶4} On March 18, 2015, Joel filed motions to dismiss the complaints. (Case No. 21530003, Doc. No. 173); (Case No. 21530004, Doc. No. 171). In

those motions, Joel argued, in part, that R.C. 2151.04(D) is not applicable because no child was adjudicated an abused child at the time the complaints were filed. (*Id.*); (*Id.*).

{¶5} On March 25, 2015, the trial court held an adjudicatory hearing. (Mar. 25, 2015 Tr. at 4). (*See also* Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242). Before hearing evidence, the trial court overruled Joel's motions to dismiss the complaints. (Mar. 25, 2015 Tr. at 14-15). (*See also* Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242). Also before the presentation of evidence, the State moved to amend the complaints to remove R.C. 2151.04(C) as an alleged ground for dependency. (Mar. 25, 2015 Tr. at 28). (*See also* Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242). The trial court granted the Agency's motion, leaving R.C. 2151.04(D) as the only alleged ground for dependency in the complaints. (Mar. 25, 2015 Tr. at 28). (*See also* Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242). At the conclusion of the hearing, the trial court adjudicated L.S. and B.S. dependent children under R.C. 2151.04(D). (Mar. 25, 2015 Tr. at 182). (*See also* Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242). Two days after the adjudicatory hearing, the trial court filed its judgment entries reflecting those adjudications and the trial court's decisions denying Joel's motions to dismiss and granting the Agency's oral motion to amend the

complaints. (Case No. 21530003, Doc. No. 246); (Case No. 21530004, Doc. No. 242).

{¶6} The trial court held a dispositional hearing on April 10, 2015. (Apr. 10, 2015 Tr. at 5). (*See also* Case No. 21530003, Doc. No. 258); (Case No. 21530004, Doc. No. 254). At the conclusion of the dispositional hearing, the trial court ordered that L.S. and B.S. remain in the custody of Erica, with the Agency retaining protective supervision and Joel continuing to have supervised visitation. (Apr. 10, 2015 Tr. at 58-59). (*See also* Case No. 21530003, Doc. No. 258); (Case No. 21530004, Doc. No. 254). A week after the dispositional hearing, the trial court filed its judgment entries reflecting the dispositions. (*See also* Case No. 21530003, Doc. No. 258); (Case No. 21530004, Doc. No. 254).

{¶7} On April 24, 2015, Joel filed his notices of appeal. Erica filed her notices of appeal on May 4, 2015.

{¶8} Erica raises nine assignments of error. Joel raises fourteen assignments of error, the first eight of which are identical to Erica's first eight assignments of error. Erica's ninth assignment of error and Joel's fourteenth assignment of error are identical. Joel's ninth through thirteenth assignments of error are unique to his brief. Because they are dispositive, we address only Joel's first assignment of error and Erica's second assignment of error. To begin, we will address Joel's first assignment of error.

**Joel's Assignment of Error No. I**

**The Trial Court Erred in Failing to Dismiss the Complaint of Dependency as R.C. § 2151.04(D) is Not Applicable to the Case at Bar as No Child Had Been Adjudicated an Abused Child at the Time the Complaint was Filed.**

**{¶9}** In his first assignment of error, Joel argues that the trial court erred by denying his motions to dismiss the complaints as to R.C. 2151.04(D) because R.C. 2151.04(D) was not a proper ground on which to allege that L.S. and B.S. are dependent children.[1]  Specifically, Joel argues, as he did before the trial court, that "the determination as to whether a child is dependent must be made as of the date alleged in the complaint, not as of the date of the adjudicatory hearing."  (Joel's Brief at 7).  Joel argues that, because no basis for R.C. 2151.04(D) dependency existed at the time the complaints were filed, the trial court should have dismissed the complaints as to that ground.

**{¶10}** Joel filed his motions to dismiss under Juv.R. 22, which allows a party to raise defenses or objections based on defects in the complaint.  *See In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 13, citing Juv.R. 22(D)(2).  The denial of a pretrial motion made under Juv.R. 22(D)(2) is a matter within the trial court's discretion.  *Id.*, citing *State v. Dunning*, 9th Dist. Medina

---

[1] Erica's first assignment of error is identical to Joel's.  However, because Erica did not file motions to dismiss the complaints or otherwise object based on defects in the complaints, she cannot on appeal argue that the trial court should have dismissed the complaints.  *In re G.J.D.*, 11th Dist. Geauga No. 2009-G-2913, 2010-Ohio-2677, ¶ 49-54.  Nevertheless, as to Erica, we will dispose of the cases on similar grounds below in addressing her second assignment of error.

No. 06CA0087-M, 2007-Ohio-7039, ¶ 6. Accordingly, we can reverse the denial of a motion to dismiss only upon a finding that the trial court abused its discretion. *Id.* An abuse of discretion suggests that the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). To the extent our review involves determining whether the trial court correctly interpreted and applied a statute, we review the trial court's decision de novo. *See Wells v. Wells*, 9th Dist. Summit No. 25557, 2012-Ohio-1392, ¶ 22. "'Under the de novo standard of review, the appellate court may substitute, without deference, its judgment for that of the trial court.'" *In re M.F.*, 3d Dist. Henry No. 7-15-06, 2015-Ohio-4224, ¶ 17, quoting *In re J.M.*, 3d Dist. Wyandot No. 16-12-01, 2012-Ohio-4109, ¶ 15.

{¶11} The Agency's complaints initially alleged dependency under R.C. 2151.04(C) and 2151.04(D). Joel moved to dismiss the complaints as to both grounds, and the trial court denied his motions. The Agency nevertheless moved to amend the complaints to remove the allegation of dependency under R.C. 2151.04(C), electing to proceed only under R.C. 2151.04(D). Therefore, we need address only the trial court's denial of Joel's motions to dismiss as to R.C. 2151.04(D). *See In re D.P.*, 10th Dist. Franklin No. 12AP-557, 2013-Ohio-177, ¶ 8.

R.C. 2151.04 provides:

As used in this chapter, "dependent child" means any child:

* * *

(D) To whom both of the following apply:

(1) The child is residing in a household in which a parent, guardian, custodian, or other member of the household committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child.

(2) Because of the circumstances surrounding the abuse, neglect, or dependency of the sibling or other child and the other conditions in the household of the child, the child is in danger of being abused or neglected by that parent, guardian, custodian, or member of the household.

R.C. 2151.04(D). *See In re B.B.*, 3d Dist. Defiance No. 4-10-17, 2012-Ohio-2695, ¶ 26. A juvenile court has exclusive original jurisdiction "[c]oncerning any child who on or about the date specified in the complaint * * * is alleged * * * to be a * * * dependent child * * *." R.C. 2151.23(A)(1). Accordingly, the trial court must determine whether the child was dependent as of the date alleged in the complaint, not as of the date of the adjudicatory hearing. *In re Alexander C.*, 164 Ohio App.3d 540, 2005-Ohio-6134, ¶ 8 (6th Dist.), citing R.C. 2151.23(A)(1).

**{¶12}** "Regarding the filing of complaints alleging dependency, R.C. 2151.27(A)(1) provides in pertinent part:

> [A]ny person having knowledge of a child who appears * * * to be an unruly, abused, neglected, or dependent child may file a sworn complaint with respect to that child. * * * The sworn complaint may be upon information and belief, and, in addition to the allegation that the child committed the violation or is an unruly, abused, neglected, or dependent child, the complaint shall allege the particular facts upon which the allegation that the child committed the violation or is an unruly, abused, neglected, or dependent child is based."

*In re D.P.* at ¶ 10, quoting R.C. 2151.27(A)(1). "Additionally, Juv.R. 10(B) provides in relevant part:

> The complaint, which may be upon information and belief, shall satisfy all of the following requirements:
>
> (1) State in ordinary and concise language the essential facts that bring the proceeding within the jurisdiction of the court, and in juvenile traffic offense and delinquency proceedings, shall contain the numerical designation of the statute or ordinance alleged to have been violated."

*Id.* at ¶ 11, quoting Juv.R. 10(B). "As held in *In re Hunt*, * * * '[a] complaint under Juv.R. 10 and R.C. 2151.27 alleging that a child is dependent must state the essential facts which bring the proceeding within the jurisdiction of the court.'" *Id.* at ¶ 13, quoting *In re Hunt*, 46 Ohio St.2d 378 (1976), paragraph one of the syllabus.

{¶13} In the complaints in these cases, the Agency alleged the following "particular facts":

Historically, the Agency has received numerous reports of domestic violence within the home, including both physical violence and verbal threats. The children have observed episode [sic] of violence, and have also been the subject of threats.

On November 15, 2014, the Agency received a report of domestic violence and sexual abuse. The Agency was advised that law enforcement received a call for domestic violence at the Skaggs residence, and during that investigation law enforcement was advised that Joel Skaggs had been inappropriately touching his step-daughter [S.L.], age fifteen. At that time, [S.L.] was taken to Nationwide Children's Hospital's Center for Family Safety and Healing in Columbus, Ohio, where she disclosed sexual abuse. [S.L.] disclosed that the abuse has been on-going for approximately

-10-

three years, and included an incident of [Joel] taking a picture of her naked vaginal area. [S.L.] also disclosed that many of the incidents of abuse took place when [Joel] took [S.L.] camping, and [Joel] stated that all the girls would get to go camping when they turned thirteen years old. Erica reported observing an incident of sexual abuse during which [Joel] was touching [S.L.]'s breasts.

* * *

The Agency has significant concerns about the safety of [S.L.] if she were to return to living with Erica and [Joel]. [S.L.] reports that she is afraid of that situation. Additionally, the Agency has concerns about the safety of all the children in the presence of [Joel] based on the history of domestic violence coupled with the sexual abuse of [S.L.].

(Case No. 21530003, Doc. No. 1); (Case No. 21530004, Doc. No. 1). The Agency does not dispute that on either November 15, 2014 or the date the complaints were filed—January 7, 2015—there was no adjudication that a sibling of or other child residing with L.S. and B.S. was abused, neglected, or dependent based on an act of a parent or other member of the household. *See* R.C. 2151.04(D)(1).

{¶14} Accordingly, Joel's first assignment of error presents the following issue of statutory application that we review de novo: whether R.C. 2151.04(D)

can serve as the basis for an adjudication of dependency notwithstanding the absence—as of the filing of the complaint—of an adjudication of a sibling or other child in the household as abused, neglected, or dependent based on an act of a parent or other household member. This question appears to be one of first impression in Ohio.

{¶15} Joel argues that "the determination as to whether a child is dependent must be made as of the date alleged in the complaint" and that, under R.C. 2151.04(D), "both the acts and the adjudication needed to have happened prior to" the filing of the complaint. (Joel's Brief at 7); (Joel's Reply Brief at 1-2). In overruling Joel's motions to dismiss the complaints as to R.C. 2151.04(D), the trial court stated:

> [R.C. 2151.04(D)] doesn't state that the act had to have occurred as far as, as I say, it doesn't require that the adjudication has to have occurred before the filing of the Complaint. It talks about the member of the household having committed an act that was the basis for an adjudication that a sibling of the child or any other child who resides in the household is an abused, neglected or dependent child.

(Mar. 25, 2015 Tr. at 15). It appears that the trial court believes that, so long as the act giving rise to the adjudication occurred before the complaint is filed, then an adjudication subsequent to the filing of the complaint can satisfy the

-12-

requirement under R.C. 2151.04(D)(1). The Agency on appeal argues that the purpose of the juvenile court system is to provide for the care, protection, and mental and physical development of children and that "courts are not required to sit back and wait for harm to befall a child before taking action to protect that child." (Appellee's Brief at 5). For that reason, the Agency argues, it should be allowed to pursue simultaneous adjudications of the child alleged to be dependent under R.C. 2151.04(D) and of a "sibling of the child or any other child who resides in the household." R.C. 2151.04(D)(1).

{¶16} To answer the question presented under this assignment of error, we must determine whether R.C. 2151.04(D)(1) is ambiguous. "The principles of statutory construction require courts to first look at the specific language contained in the statute, and, if the language is unambiguous, to then apply the clear meaning of the words used." *Roxane Laboratories, Inc. v. Tracy*, 75 Ohio St.3d 125, 127 (1996), citing *Provident Bank v. Wood*, 36 Ohio St.2d 101, 105-106 (1973). "Words and phrases shall be read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42. "Statutes that are plain and unambiguous must be applied as written without further interpretation." *Proctor v. Kardassilaris*, 115 Ohio St.3d 71, 2007-Ohio-4838, ¶ 12, citing *Lake Hosp. Sys. v.*

*Ohio Ins. Guar. Assn.*, 69 Ohio St.3d 521, 524 (1994). That is, "'where the language of a statute is clear and unambiguous, it is the duty of the court to enforce the statute as written, making neither additions to the statute nor subtractions therefrom.'" *Sherwin-Williams Co. v. Dayton Freight Lines, Inc.*, 112 Ohio St.3d 52, 2006-Ohio-6498, ¶ 14, quoting *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, ¶ 14.

{¶17} We hold that R.C. 2151.04(D)(1) is unambiguous concerning the issue presented under Joel's first assignment of error. To satisfy the definition of dependency under R.C. 2151.04(D), the child must reside in a household in which a parent or other member of the household "committed an act that was the basis for an adjudication" that a sibling or any other child residing in the household is an abused, neglected, or dependent child. R.C. 2151.04(D)(1). The word "adjudication" in this context of R.C. Chapter 2151 has a particular meaning. An "adjudicatory hearing" is a hearing at which a trial court determines whether a child is abused, neglected, or dependent. *See* R.C. 2151.28(B) and 2151.35(B)(1). *See also* Juv.R. 2(B) (defining "adjudicatory hearing" as "a hearing to determine whether a child is a juvenile traffic offender, delinquent, unruly, *abused*, *neglected*, or *dependent* or otherwise within the jurisdiction of the court" (emphasis added)). A trial court's determination under R.C. Chapter 2151 that a child is abused, neglected, or dependent constitutes an "adjudication." *See* R.C.

2151.28(B) and 2151.35(B)(1). *See also In re Baby Girl Baxter*, 17 Ohio St.3d 229, 233 (1985), quoting Juv.R. 29(F)(2)(a); *In re A.J.*, 10th Dist. Franklin No. 14AP-284, 2014-Ohio-5046, ¶ 26.

{¶18} R.C. 2151.04(D)(1) refers to "an act that *was the basis* for an adjudication." (Emphasis added.) The General Assembly chose the word "was," which is a past-tense verb. *State v. Johnson*, 4th Dist. Scioto No. 07CA3158, 2008-Ohio-1369, ¶ 18. "The past tense indicates action already completed." *State v. Halpin*, 2d Dist. Clark No. 07CA78, 2008-Ohio-4136, ¶ 24. In the context of R.C. 2151.04(D)(1), saying that an act *was the basis* of an adjudication requires there to have been a past adjudication. In other words, for an act to have been the basis for an adjudication, there must have been a prior adjudication that a sibling or other child residing in the household is an abused, neglected, or dependent child. *See In re M.P.*, 2d Dist. Greene No. 2011 CA 71, 2012-Ohio-2334, ¶ 15 (concerning R.C. 3109.04, the statute governing the allocation of parental rights and responsibilities in domestic-relations cases, "[t]he use of the past tense by the General Assembly means that a modification may be ordered only after a move from the state has already occurred"). Had the General Assembly intended to allow simultaneous adjudications—as the Agency argues—it would have used present-tense, not past-tense, language. *See Lucas Cty. Commrs. v. Pub. Utilities Com'n of Ohio*, 80 Ohio St.3d 344, 347 (1997). Accordingly, because, under R.C.

2151.23(A)(1), the determination of dependency is made as of the date alleged in the complaint, the plain and unambiguous language of R.C. 2151.04(D)(1) requires that "a sibling of the child or any other child who resides in the household" be adjudicated abused, neglected, or dependent before the complaint is filed.

{¶19} The Agency acknowledges that this issue appears to be one of first impression in Ohio. Nevertheless, the Agency cites in support of its argument cases in which it appears that there may have been no prior adjudications of abuse, neglect, or dependency at the time the complaints were filed in those cases. (Appellee's Brief at 4, citing *In re Rossantelli*, 5th Dist. Delaware No. 01CAF12072, 2002 WL 999301, *1 (May 13, 2002); *In re Yeager/Reardon Children*, 5th Dist. Tuscarawas No. 2001 AP 03 0024, 2002 WL 253815, *1 (Feb. 20, 2002); *In re Atkins*, 7th Dist. Carroll Nos. 705 and 706, 2001 WL 275193, *1 (Mar. 7, 2001); *In Matter of Surfer*, 10th Dist. Franklin No. 97APF09-1158, 1998 WL 231012, *4 (May 7, 1998); *In re J.D.*, 5th Dist. Richland No. 12-CA-108, 2013-Ohio-2187, ¶ 26). However, as the Agency concedes, the issue presented under Joel's first assignment of error was not an issue in those appeals, and those opinions lack analysis of the issue. What is more, at least two of the cases cited by the Agency involved dependency determinations under multiple subsections of

R.C. 2151.04—not R.C. 2151.04(D) alone. *See In re Rossantelli* at \*1; *In re J.D.* at ¶ 20.

**{¶20}** Just as the Agency cites cases in support of its proposition that a simultaneous adjudication has been pursued successfully in other districts, dicta from other cases is consistent with our conclusion that R.C. 2151.04(D)(1) requires an adjudication predating the filing of the complaint. *See In re B.B.*, 2012-Ohio-2695, at ¶ 27 (stating that R.C. 2151.04(D) "expressly considers the parent's conduct regarding *prior dependencies*" (emphasis added)); *State ex rel. Swanson v. Hague*, 11th Dist. Ashtabula No. 2009-A-0053, 2010-Ohio-4200, ¶ 27, fn. 1 (noting that, for R.C. 2151.04(D) to apply, "the child in question must have a sibling who *has already been* adjudicated as a neglected, abused or dependent child" (emphasis added)); *In re T.P.-M.*, 9th Dist. Summit No. 24199, 2008-Ohio-6437, ¶ 15 ("R.C. 2151.04(D) * * * requires that a member of the child's present household committed an act that was the basis of the *prior* adjudication." (Emphasis added.)); *In re W.C.*, 9th Dist. Summit No. 22356, 2005-Ohio-2968, ¶ 18 ("[W]ith the addition of R.C. 2151.04(D), the legislature considered a parent's *prior* history with a child welfare agency significant in regard to a determination that a subsequent child might be dependent." (Emphasis added.)).

**{¶21}** For the reasons above, we conclude that, for a child to be found dependent under R.C. 2151.04(D), R.C. 2151.04(D)(1) plainly and unambiguously

requires that a sibling of the child or any other child who resides in the household be adjudicated abused, neglected, or dependent before the complaint is filed. In these cases, there were no such adjudications before the complaints were filed, and the Agency concedes as much. Accordingly, the trial court abused its discretion by not dismissing the Agency's complaints against Joel as to R.C. 2151.04(D).[2]

{¶22} Joel's first assignment of error is sustained.[3]

### Erica's Assignment of Error No. II

**The Trial Court Erred in Finding L.S. and B.S. to be Dependent Pursuant to R.C. § 2151.04(D) When No Child Had Been So Adjudicated Prior to the Time of the Filing of the Complaints.**

{¶23} In her second assignment of error, Erica makes essentially the same arguments that Joel does under his first assignment of error.[4] That is, she argues that "the determination as to whether a child is dependent must be made as of the date alleged in the complaint, not as of the date of the adjudicatory hearing." (Erica's Brief at 6). Erica argues that "[t]he evidence submitted at the adjudication hearing was that there had not been a finding that another child residing in the household was an adjudicated abused child prior to" the filing of the complaints.

---

[2] For a child to be dependent under R.C. 2151.04(D), both subsections—R.C. 2151.04(D)(1) and (2)—must apply. *See* R.C. 2151.04(D). Accordingly, we need not and do not consider R.C. 2151.04(D)(2). *See In re A.W.*, 195 Ohio App.3d 379, 2011-Ohio-4490, ¶ 20 (9th Dist.).

[3] As we stated above, we need not and do not address whether L.S. and B.S. are dependent under R.C. 2151.04(C) because the trial court allowed the Agency to amend its complaints to remove that ground, and that ground did not serve as the basis for the trial court's conclusion that L.S. and B.S. are dependent. *See In re D.P.*, 2013-Ohio-177, at ¶ 8.

[4] As we stated above, Erica's first assignment of error is identical to Joel's first assignment of error challenging the trial court's failure to dismiss the complaints. However, because Erica did not file motions to dismiss the complaints or otherwise object based on defects in the complaints, she cannot on appeal argue that the trial court should have dismissed the complaints. *In re G.J.D.*, 2010-Ohio-2677, at ¶ 49-54.

(*Id.* at 7). Rather, Erica argues, "the evidence indicated that an adjudication of abused and dependent child was issued on March 18, 2015, more than two months after the Complaint was filed." (*Id.* at 7-8).

{¶24} The party seeking the adjudication bears the burden of establishing dependency by clear and convincing evidence. *In re M.H.*, 9th Dist. Wayne No. 09CA0028, 2009-Ohio-6911, ¶ 17; *In re Savchuk Children*, 180 Ohio App.3d 349, 2008-Ohio-6877, ¶ 33 (11th Dist.); *In re D.W.*, 4th Dist. Athens No. 06CA42, 2007-Ohio-2552, ¶ 18. A trial court's determination that a child is dependent under R.C. 2151.04 must be supported by clear and convincing evidence. *In re B.B.*, 2012-Ohio-2695, at ¶ 32, citing R.C. 2151.35. "Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 477 (1954). "[W]hen 'the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof.'" *In re Freed Children*, 3d Dist. Hancock No. 5-08-37, 2009-Ohio-996, ¶ 26, quoting *Cross* at 477. Therefore, we are required to determine whether the trial court's determination is supported by sufficient evidence to satisfy the clear-and-

convincing-evidence degree of proof. *In re B.B.* at ¶ 33, citing *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368 (1985).

{¶25} In sustaining Joel's first assignment of error above, we discussed R.C. 2151.04(D) and held that it plainly and unambiguously requires that a sibling of the child or any other child who resides in the household be adjudicated abused, neglected, or dependent before the complaint is filed. Here, Erica is correct that no evidence was presented at trial that a sibling of L.S. and B.S. or any other child residing in the household was adjudicated abused, neglected, or dependent before the complaints were filed on January 7, 2015. Rather, the Agency points out that, on March 18, 2015, the trial court adjudicated S.L. an abused child and A.L. a dependent child. The Agency argues that the trial court properly based its dependency adjudications of L.S. and B.S. on the March 18, 2015 adjudications of S.L. and A.L. As we pointed out in sustaining Joel's first assignment of error, the Agency's position is contrary to the plain and unambiguous language of R.C. 2151.04(D) and erroneous. Accordingly, the Agency failed to prove by clear and convincing evidence that "a parent, guardian, custodian, or other member of the household committed an act that *was the basis for an adjudication* that a sibling of the child or any other child who resides in the household is an abused, neglected, or dependent child." (Emphasis added.) R.C. 2151.04(D)(1). Therefore, the trial

court's adjudications of L.S. and B.S. are not supported by sufficient evidence to satisfy the clear-and-convincing-evidence degree of proof.

{¶26} Erica's second assignment of error is sustained.

**Erica's Assignment of Error No. I**

**The Trial Court Erred in Failing to Dismiss the Complaint of Dependency as R.C. § 2151.04(D) is Not Applicable to the Case at Bar as No Child Had Been Adjudicated an Abused Child at the Time the Complaint was Filed.**

**Joel's Assignment of Error No. II**

**The Trial Court Erred in Finding L.S. and B.S. to be Dependent Pursuant to R.C. § 2151.04(D) When No Child Had Been So Adjudicated Prior to the Time of the Filing of the Complaints.**

**Erica's and Joel's Assignment of Error No. III**

**The Trial Court's Decision Determining that L.S. and B.S. are Dependent Children Pursuant to R.C. § 2151.04(D)(1) and (2) was Against the Manifest Weight of the Evidence and Not Proven by Clear and Convincing Evidence.**

**Erica's and Joel's Assignment of Error No. IV**

**The Trial Court Erred By Failing to Dismiss the Complaints as to the Alleged Dependency Pursuant to R.C. § 2151.04(C) as the Complaints Failed to Provide Sufficient Allegations that if True Would be Sufficient to Find the Children Dependent Pursuant to R.C. § 2151.04(C).**

**Erica's Assignment of Error No. V**

**The Trial Court Erred in Allowing [S.L.], a Witness, to be Represented by Court Appointed Counsel, for Counsel for the Witness to be in the Courtroom Despite an Order of Separation of Witnesses Pursuant to Evid. R. 615(A), and for Counsel to**

**Participate in the Proceedings by Questioning Witnesses and Providing Legal Argument.**

**Joel's Assignment of Error No. V**

**The Trial Court Erred in Allowing S.L., a Witness, to be Represented by Court Appointed Counsel, for Counsel for the Witness to be in the Courtroom Despite an Order of Separation of Witnesses Pursuant to Evid. R. 615(A), and for Counsel to Participate in the Proceedings by Questioning Witnesses and Providing Legal Argument.**

**Erica's and Joel's Assignment of Error No. VI**

**Should this Court Construe that the Trial Court Designated S.L. as a Party to the Action, Such Party Designation was an Abuse of Discretion.**

**Erica's and Joel's Assignment of Error No. VII**

**Should this Court Determine that The Trial Court Could Have Proceeded Under R.C. § 2151.04(D), Then the Trial Court Erred as a Matter of Law in Disallowing the Testimony of S.L. as it was Relevant to the Facts and Circumstances Surrounding the Alleged Adjudication of Abuse Contemplated in R.C. § 2151.04(D)(2).**

**Erica's and Joel's Assignment of Error No. VIII**

**The Trial Court's Finding that S.L.'s Testimony was Largely Irrelevant is Against the Manifest Weight of the Evidence as S.L. was the Only Witness to Testify Who Resided in the Home.**

**Erica's Assignment of Error No. IX**
**Joel's Assignment of Error No. XIV**

**The Juvenile Court failed to comply with Juv. R. 37(A) requiring court to make record of adjudicatory and dispositional proceedings in dependency case.**

**Joel's Assignment of Error No. X**

**The Trial Court Erred in Admitting Exhibit 6 Despite Such Exhibit Being Inadmissible Hearsay.**

**Joel's Assignment of Error No. XI**

**The Trial Court Erred in Admitting Exhibit 7 Despite Such Exhibit Containing Inadmissible Hearsay.**

**Joel's Assignment of Error No. XII**

**The Trial Court Erred in Admitting Exhibit 6 as Counsel's Stipulation As To Authenticity was Limited and an Appropriate Foundation was not Laid for its Admittance.**

**Joel's Assignment of Error No. XIII**

**The Trial Court Erred in Admitting Exhibit 7 as Counsel's Stipulation As To Authenticity was Limited and an Appropriate Foundation was not Laid for its Admittance.**

{¶27} In their remaining assignments of error, Erica and Joel make several arguments supporting their position that the trial court's dependency adjudications of L.S. and B.S. were made in error. In light of our decision to sustain Joel's first assignment of error and Erica's second assignment of error, their remaining assignments of error are rendered moot, and we decline to address them. App.R. 12(A)(1)(c). *See also In re K.M.*, 3d Dist. Shelby No. 17-11-15, 2011-Ohio-3632, ¶ 26.

{¶28} Having found error prejudicial to the appellants herein in the particulars assigned and argued in appellant Joel Skaggs's first assignment of error

Case Nos. 14-15-05, 14-15-06

and appellant Erica Skaggs's second assignment of error, we reverse the judgments of the trial court and remand for further proceedings.

***Judgments Reversed and***
***Causes Remanded***

**WILLAMOWSKI and ROGERS, J.J., concur.**

**/jlr**