OPINION *Page 2 
{¶ 1} Appellant Crystal Michelle DeVall appeals the decision of the Muskingum County Court of Common Pleas, Domestic Relations Division, which granted residential parent status to Appellee Matthew Schooley in regard to the parties' daughter, Susan. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant-mother and appellee-father are the parents of Susan Michelle Schooley, born in 1999. On May 31, 2000, pursuant to an agreed judgment entry, appellant was named the residential parent of Susan, while appellee was awarded designated parenting time. Appellant thereafter relocated from Muskingum County, Ohio to Morgantown, West Virginia. On April 8, 2002, the trial court issued a judgment entry maintaining appellant as the residential parent, but increasing appellee's parenting time.
 {¶ 3} On April 18, 2006, appellant filed a motion to modify parenting time, due to her intended marriage to John Frisco and contemplated relocation from Morgantown, West Virginia to King George, Virginia. Appellant and Frisco were married on May 12, 2006. On June 29, 2006, appellee filed a motion in opposition to appellant's motion and a motion to modify parental rights and responsibilities.
 {¶ 4} The trial court heard all pending motions during an evidentiary hearing on July 27, 2006. The main witnesses were appellant, her new husband, and appellee. The evidence was undisputed that Susan is a healthy child who is active in school, church and sports activities. *Page 3 
 {¶ 5} Pursuant to a judgment entry filed August 8, 2006, the court found the existence of a change of circumstances and concluded it was in Susan's best interest to designate appellee as the residential parent and legal custodian.
 {¶ 6} On August 10, 2006, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:
 {¶ 7} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A CHANGE HAS OCCURRED IN THE CIRCUMSTANCES OF THE CHILD AND THE RESIDENTIAL PARENT BASED UPON THE RESIDENTIAL PARENT'S MARRIAGE AND RELOCATION TO KING GEORGE, VIRGINIA.
 {¶ 8} "II. THE COURT ERRED TO THE PREJUDICE OF THE APPELLANT AND ABUSED ITS DISCRETION IN DETERMINING THAT THE HARM LIKELY TO BE CAUSED BY A CHANGE OF ENVIRONMENT IS OUTWEIGHED BY THE ADVANTAGES THAT A CHANGE OF ENVIRONMENT WOULD HAVE ON THE MINOR CHILD.
 I. {¶ 9} In her First Assignment of Error, appellant argues the trial court abused its discretion in finding the existence of a change of circumstances in this matter. We disagree.
 {¶ 10} R.C. 3109.04(E)(1)(a) reads in pertinent part as follows: "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents *Page 4 
subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. * * *."
 {¶ 11} R.C. 3109.04 does not define "change in circumstances." Ohio courts have held that the phrase is intended to denote "an event, occurrence, or situation which has a material and adverse effect upon a child." Rohrbaugh v. Rohrbaugh (2000), 136 Ohio App.3d 599, 604-605,737 N.E.2d 551, citing Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416,445 N.E.2d 1153. In Masters v. Masters (1994), 69 Ohio St.3d 83,630 N.E.2d 665, the Ohio Supreme Court found a trial court abuses its discretion when it modifies custody based solely upon evidence of an alleged change in circumstances in the form of the residential parent's intent to leave the State of Ohio with the child. Id. at 85-86, 630 N.E.2d 665.
 {¶ 12} As appellant points out, in Browne v. Browne (Oct. 18, 1995), Ashland App. No. CA-1100, we recognized the holding of Masters, supra, noting that the Ohio Supreme Court had "found it unconscionable for a trial court to treat a parent's desire to leave the state as a substantial change in circumstances."
 {¶ 13} In the case sub judice, the trial court found in pertinent part: "Upon consideration of the evidence presented and the facts found by the Court, the Court concludes that the marriage of the Plaintiff and her relocation to King George, Virginia constitutes a change in the circumstances of the child and the child's residential parent such that this Court has jurisdiction to consider Defendant's request for the allocation of parental rights and responsibilities." Judgment Entry at 3. The trial court also arrived at the conclusion that "for all intents and purposes," appellant had relocated. Judgment Entry at 2. *Page 5 
 {¶ 14} Our standard of review in assessing the disposition of child-custody matters is that of abuse of discretion. Miller v.Miller (1988), 37 Ohio St.3d 71, 73-74. Furthermore, as an appellate court reviewing evidence in custody matters, we do not function as fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. See Dinger v. Dinger, Stark App. No. 2001CA00039, 2001-Ohio-1386.
 {¶ 15} We recognize, in the case sub judice, that appellant testified she was still in the "process of moving" at the time of the evidentiary hearing. Tr. at 25-27. Some of her furniture, including her bed, remained in Morgantown. Tr. at 26. Appellant further stated that she had not yet commenced her new job at a retail store in King George. Tr. at 16. Appellant also indicated she had yet to decide on a doctor or dentist for the child. Tr. at 25. However, she had already enrolled Susan in school in Virginia for the upcoming fall, and, as the trial court noted, had withdrawn the child from her current school, telling the administrators Susan would not return in the fall. Tr. at 25, 44; Judgment Entry at 2. Moreover, the trial judge specified that he had reviewed evidentiary exhibits consisting of photographs of appellant's new house in Virginia and of Susan standing in said house in her furnished bedroom. Judgment Entry at 2.
 {¶ 16} Upon review of the record, we are not inclined to substitute our judgment for that of the trial court on the issue of the status of appellant's relocation. We therefore hold that the trial court acted within its discretion in finding that the "marriage and relocation" in this matter was a fait accompli, thus distinguishing this case from the scenario addressed by the Ohio Supreme Court in Masters. Cf. Lyall v.Lyall, *Page 6 
Muskingum App. No. CT2003-0044, 2004-Ohio-1565, ¶ 15. Accordingly, we further hold the trial court did not abuse its discretion in finding the existence of a change in circumstances by gauging the effect of the relocation on Susan, particularly as to the issue of her relationship with extended paternal and maternal relatives while situated about eight hours away from the Muskingum County area.
 {¶ 17} Appellant's First Assignment of Error is overruled.
 II. {¶ 18} In her Second Assignment of Error, appellant contends the trial court abused its discretion in determining the harm likely to be caused to Susan by a change of environment would be outweighed by the advantages of such a change. We disagree.
 {¶ 19} In addition to the issue of "change in circumstances," in determining whether modification of custody is appropriate, a trial court must also consider whether the modification is in the best interest of the child, and also must find that the harm that will result from the change will be outweighed by the resultant benefits, pursuant to R.C. 3109.04(E)(1)(a)(iii). Oliver v. Arras, Tuscarawas App. No. 2001 AP 11 0105, 2002-Ohio-1590. The trial court in the case sub judice made the following pertinent findings regarding these issues:
 {¶ 20} "Considering the factors required by Ohio Revised Code § 3109.04(F)(1) upon which evidence was presented, the Court concludes that it is in the best interest of the minor child that Defendant be designated the residential parent and legal custodian.
 {¶ 21} "Considering the testimony presented, the Court finds that regardless of which parent is the residential parent and legal custodian, the child will leave her usual *Page 7 
place of residence, her peers, her school and the daily and close contact she has with Plaintiffs family. By designating Defendant as the residential parent and legal custodian, Susan will be able to continue in an environment in which she has become familiar from her parenting time with her father. If Plaintiff continues as residential parent and legal custodian, the distance between King George, Virginia and Zanesville, Ohio will eliminate frequent and close contact with Defendant's family, Susan's half-brother, and with the friends that she has developed in Muskingum County. The move will also separate Susan from Plaintiff's extended family with whom she has been close. By allowing Susan to move to Zanesville with her father, she will be able to maintain the relationships which she has established over the years and maintain herself in a somewhat familiar environment. Although Defendant will not continue Susan in a parochial school system, he has pledged to continue Susan in the Catholic religion. No evidence was presented as to the benefits of a parochial education over a public school education.
 {¶ 22} "The Court further concludes that the designation of Defendant as residential parent and legal custodian will have some detrimental effects upon the child. However, the Court concludes the benefits from this outweigh that detriment and that the best interest of the minor child is best served by this designation." Judgment Entry at 3.
 {¶ 23} The record in this matter strongly suggests that both parents care greatly for Susan and have commendably avoided the type of animosity often arising in custody *Page 8 
cases.[1] However, Ohio courts have recognized that the maintenance of ties with extended family members is an important factor in the consideration of a child's best interest. See, e.g., In re Marriage ofShore (1999), 135 Ohio App.3d 374. Moreover, as we frequently emphasize in proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important in these matters. See Thompson v. Thompson (1987), 31 Ohio App.3d 254, 258,511 N.E.2d 412, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13,106 N.E.2d 772. Furthermore, the trier of fact is in a far better position to observe the witnesses' demeanor and weigh their credibility.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
 {¶ 24} Accordingly, our review of the record in the matter sub judice does not indicate that appellate reversal under the facts and circumstances presented would be warranted against the trial judge who observed the evidentiary proceedings firsthand.
 {¶ 25} Appellant's Second Assignment of Error is therefore overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Muskingum County, Ohio, is hereby affirmed.
Edwards, J., concurs. Farmer, P. J., dissents.
[1] The trial court noted, for example, that "neither parent has any specific criticisms of the other in terms of parenting skills or environment." Judgment Entry at 3. *Page 9