[Cite as *In re M.P.*, 2012-Ohio-2334.]

IN THE COURT OF APPEALS OF GREENE COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| | : | **C.A. CASE NO. 2011 CA 71** |
| **IN THE MATTER OF: M.P.** | : | |
| | : | **T.C. CASE NO. C41808** |
| | : | **(Civil Appeal from** |
| | | **Common Pleas Court,** |
| | : | **Juvenile Division)** |

· · · · · · · · ·

**O P I N I O N**

**Rendered on the 24ᵗʰ day of May, 2012.**

· · · · · · · · ·

David S. Peterson, Atty. Reg. No. 0007836, 87 S. Progress Dr. Xenia, OH 45385
    Attorney for Plaintiff-Appellee

Mark Edward Stone, Atty. Reg. No. 0024486, Brian A. Kruse, Atty. Reg. No. 0087411,
3836 Dayton-Xenia Road, Beavercreek, OH 45432
    Attorneys for Defendant-Appellant

· · · · · · · · ·

GRADY, P.J.:

{¶ 1} Pamela P. appeals from a final order modifying an allocation of parental rights

and responsibilities.

{¶ 2} Pamela and Rodney P. are the parents of M.P., a minor child. In December of

2009, Rodney filed a complaint for allocation of parental rights and responsibilities. On

March 8, 2010, the juvenile court journalized an agreed order designating Pamela the residential parent of M.P. and awarding parenting time to Rodney. (Dkt. 10.)

{¶ 3} Page two of the March 8, 2010 agreed judgment and order that allocated parental rights and responsibilities provided, in part:

> Relocation Notice. If the residential parent intends to move to a residence other than the residence specified in the parenting time order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the parenting time schedule for the child.

{¶ 4} On April 1, 2011, Pamela filed a Notice of Intent to Relocate from Xenia, Ohio to Punta Gorda, Florida in June of 2011. (Dkt. 25.) Rodney filed a Complaint for Custody of M.P. A Guardian ad Litem was appointed.

{¶ 5} On August 11, 2011, a magistrate issued a decision finding that it is in the best interest of M.P. for Pamela to retain custody of M.P. and "to allow the current parenting time to remain in effect." (Dkt. 44.) The Guardian Ad Litem had recommended that Pamela remain M.P.'s residential parent. Rodney filed objections to the magistrate's decision.

{¶ 6} Following a hearing, the juvenile court sustained Rodney's objections, and found:

that there has been a change in conditions for the child since the issuance of the prior decree of custody. The circumstances in this case were more significant than the filing of the notice of intent to move. For all intents and purposes, Pamela had moved to Florida and, thus, altered [M.P.'s] living situation, which included his contact and relationship with friends and relatives.

{¶ 7} The court also found that a change in custody was in the best interests of M.P., and that the harm likely to be caused by placing M.P. with Rodney is outweighed by the advantages of awarding custody to Rodney and maintaining M.P.'s ties to his community in Ohio. (Dkt. 62.) The court modified its March 8, 2010 allocation of parental rights and responsibilities and designated Rodney the residential parent of M.P. R.C. 3109.04(E)(1)(a). Pamela filed a timely notice of appeal.

{¶ 8} First Assignment of Error:

{¶ 9} "THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT A CHANGE OF CIRCUMSTANCES HAD OCCURRED."

{¶ 10} In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court held:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or

arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 11} R.C. 3109.04(E)(1)(a) governs the modification of an existing decree allocating parental rights and responsibilities. R.C. 3109.04(E)(1)(a) provides, in pertinent part:

The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

* * *

(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

(Emphasis added.)

**{¶ 12}** In *Masters v. Masters*, 69 Ohio St.3d 83, 630 N.E.2d 665 (1994), a mother who had been designated the residential parent of a child filed a motion with the common pleas court, as required by the court's local rules, requesting permission to remove her daughter's residence from the State of Ohio. In response, the father of the child filed a motion for modification of custody. The court granted the father's motion, stating, at 84:

Based upon the independent review, this Court concludes that Monica Masters does intend to leave Ohio and relocate in Tennessee. She states the same in her motion. To now argue that no such move is imminent is ludicrous. The removal of the child from Ohio to Tennessee is a significant change of circumstances to permit this Court to consider a modification of custody.

**{¶ 13}** On appeal, the Supreme Court found that the trial court abused its discretion when it granted the father's motion to modify custody. The Court stated, at 86:

We hold that it is an abuse of discretion for a court to use a document filed in compliance with a local rule as the only evidence to remove the child from the mother's custody. The filing of a motion to remove the child from Ohio that merely reflects the mother's "desire" to leave the state does not on its own constitute a substantial change in circumstances under former R.C. 3109.04.

To hold to the contrary would produce an unconscionable result. A custodial parent contemplating the possibility of moving from the state would

be deterred from complying with the local rule, because, by complying with the rule, she would be immediately jeopardizing her custodial rights with her child - - whether or not the motion is granted. This absurd result was not intended by the General Assembly when it specifically delineated in former R.C. 3109.04(A) those circumstances which warrant a modification of custody.

The trial court abused its discretion because we hold it is unconscionable for a trial court to modify custody when the only evidence supporting its conclusion is the filing of a motion to remove the child from the state, which reflects a desire to leave the state and which must be filed according to local rule. The record reveals no defensible reason to modify the custody of Meredith Masters.

{¶ 14} *Masters* involved a notice of relocation required by a local rule of court. In the present case, the notice is required by the terms of the divorce decree. There is no functional difference between the two requirements. Further, the ultimate issue *Masters* addresses is not the genesis of a notice requirement but whether the notice, when given, constitutes a change of circumstances for purposes of R.C. 3109.04(E)(1)(a).

{¶ 15} We read *Masters* to require more than an intention or desire on the part of a custodial parent to leave the state in order for a trial court to find a change of circumstances necessary to modify a prior order allocating parental rights and responsibilities. Rather, in order to modify a prior order allocating parental rights and responsibilities, R.C. 3109.04(E)(1)(a) requires proof that a change in circumstances has occurred. The use of the past tense by the General Assembly means that a modification may be ordered only after a

move from the state has already occurred. A contemplated move out of state, however "imminent," cannot constitute a change of circumstances pursuant to R.C. 3109.04(E)(1)(a), because such a move has not yet occurred.

{¶ 16} The holding in *Masters* and the plain language of R.C. 3109.04(E)(1)(a) ensure that when a court applies the best interest factors in R.C. 3109.04(F)(1), the court will have before it the actual evidence relative to the factors applicable to a modification after the change in circumstances has occurred. That evidence is reasonably needed to rebut the presumption established by R.C. 3109.04(E)(1)(a) in favor of retaining the residential parent designated in the decree or prior order.

{¶ 17} We note that, as the notice of relocation requirement is established in the decree of divorce, its expressed purpose is to permit the court "to determine whether it is in the best interest of the child to revise the parenting time schedule for the child." Unlike in *Masters*, which limited the required notice to relocation from Ohio to another state, the notice in the decree in the present case applies to any "move to a residence other than the residence specified in the parenting time order." A revised parenting time order is certainly appropriate when a move creates a substantially greater distance factor, as a move to Florida would. However, the desirability of establishing a revised schedule conditioned on a contemplated move is of a different order of significance from a change of circumstances necessary to modify a prior designation of a child's residential parent and legal custodian.

{¶ 18} The trial court abused its discretion in finding a change in circumstances had occurred based on Pamela's intent to move to Florida. In that connection, we note that Pamela testified that she would not relocate if it resulted in a loss of the custody of her child

she was previously awarded.   The first assignment of error is sustained.

{¶ 19} Second Assignment of Error:

{¶ 20} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THAT AWARDING CUSTODY TO RODNEY IS IN M.P.'S BEST INTEREST."

{¶ 21} Third Assignment of Error:

{¶ 22} "THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE HARM LIKELY CAUSED BY AWARDING CUSTODY TO RODNEY IS OUTWEIGHED BY ITS BENEFITS."

{¶ 23} Our disposition of the first assignment of error makes it unnecessary to address the second and third assignments of error.   Therefore, the second and third assignments of error are overruled.   App.R. 12(A).

{¶ 24} Fourth Assignment of Error:

{¶ 25} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PAMELA'S NOTICE OF INTENT TO RELOCATE."

{¶ 26} Pamela filed a notice of intent to relocate to Florida.   The trial court did not directly address the notice in its order modifying the allocation of parental rights and responsibilities.   Rather, the trial court modified the prior allocation of parental rights and responsibilities by designating Rodney the residential parent, which rendered the notice of intent to relocate moot.

{¶ 27} In our disposition of the first assignment of error we found that the trial court abused its discretion by modifying the prior allocation of parental rights and responsibilities. The trial court did not grant or deny any relief with regard to Pamela's notice of intent to

relocate to Florida.  The fourth assignment of error is overruled.

{¶ 28} Having sustained the first assignment of error, we will reverse the judgment of the trial court and remand the cause for further proceedings consistent with this Opinion.

DONOVAN, J. concurs.

HALL, J., concurring:

{¶ 29} I agree with the result reached by the majority. However, I am concerned about the terminology in paragraph 15, which indicates that "[a] contemplated move out of state, however 'imminent,' cannot constitute a change of circumstances * * *" required for a change of custody of children. In my view, an imminent relocation, coupled with substantial steps in furtherance of that relocation, can be sufficient to find a change of circumstances. *DeVall v Schooley*, 5th Dist No. CT 2006-0062, 2007-Ohio-2582.  "A proposed move along with a finding that the move will harm the welfare of the children involved or cause a disruption of ongoing relationships with extended family can constitute a change of circumstances." *Valentine v. Valentine*, 12th Dist. Butler No. CA2010-12-320, 2012-Ohio-426.  I therefore disagree with the language of paragraph 15 of the lead opinion.

{¶ 30} Nevertheless, the problem in this case is that the mother testified that she would not move to Florida without her child. (Magistrate's Finding of Fact #6 and Conclusion of Law #7). That makes this case, for analytical purposes, almost identical to *In re Dissolution of Marriage of Kelly*, 7th Dist. No. 09 CA 863, 2011-Ohio-2642. There, the mother desired to move to Wyoming but had testified from the beginning that she would not move without her child.  The trial court found a change of circumstances, but the court of appeals reversed, stating: "Considering that no actual relocation had taken place and that [mother] testified she

would not move to Wyoming without [her child], the trial court abused its discretion in finding a change in circumstances in this case." *Id.* at ¶40. That is the situation here. If the move were imminent, substantial steps had been taken, and the mother stated she was going to move, there would be a change of circumstances. But because she testified she would not leave without her child, I believe the trial court abused its discretion in finding a change of circumstances. Accordingly, I agree that the matter should be remanded to the trial court for further proceedings.

. . . . . . . . .

Copies mailed to:

David S. Peterson, Esq.
Mark Edward Stone, Esq.
Brian A. Kruse, Esq.
Hon. Robert W. Hutcheson