OPINION
{¶ 1} Defendant, Emily Halpin, appeals from her conviction for operating a vehicle while under the influence of alcohol, R.C. 4511.19(A)(1)(a), and the sentence imposed for that offense pursuant to law.
 {¶ 2} On February 23, 2007, shortly before 3:00 a.m., Ohio *Page 2 
State Patrol Troopers Richard Dixon and David Dingman were dispatched to an intersection of State Route 41 and St. Paris Pike on reports of a vehicle seen stopped in the road at that location, with the driver passed out behind the wheel. The two troopers arrived there shortly before 3:30 a.m., each in his own cruiser.
 {¶ 3} Trooper Dixon observed that the vehicle was at a stop sign and that its motor was running. The driver, Defendant Halpin, was passed out behind the wheel, with her foot on the brake. She also held a glass marijuana pipe in her right hand.
 {¶ 4} Trooper Dixon also observed that the gearshift lever of Defendant's vehicle was positioned in the "drive" gear. Concerned that her vehicle might roll forward, out of control, when Defendant was awakened, Dixon directed Trooper Dingman to position the front of his cruiser at the front of Defendant's vehicle. Dingman did, leaving but a few inches between his cruiser and the front of Defendant's vehicle.
 {¶ 5} Dixon repeatedly pounded on the driver's side window of Defendant's vehicle, and when she finally awoke, Defendant removed her foot from the brake pedal. Defendant's vehicle rolled forward several inches, making contact with the front bumper of Dingman's cruiser. *Page 3 
 {¶ 6} Both troopers detected a strong odor of alcohol from inside Defendant's vehicle. They also noted that her eyes were very red, glassy, and bloodshot, and that her speech was extremely slurred. Defendant's movements were slow, and she had trouble understanding questions asked of her. After Defendant exhibited all six possible clues for intoxication on the horizontal gaze nystagmus test, she was arrested on an OMVI charge.
 {¶ 7} Defendant was transported to the Clark County Sheriff's Office, where she agreed to submit to a breathalyzer test. The test was administered at 4:12 a.m., and indicated a 0.174 blood/alcohol level.
 {¶ 8} Defendant was charged in Clark County Municipal Court with operating a vehicle with a prohibited concentration of alcohol, R.C. 4511.19(A)(1)(h), operating a vehicle under the influence of alcohol (OVI), R.C. 4511.19(A)(1)(a), parking on a highway, R.C. 4511.66, and possession of drug paraphernalia, R.C. 2925.14(C)(1). Defendant filed a motion to suppress evidence, including the results of her field sobriety tests and the officers' observations in that regard. Following a hearing, the trial court overruled Defendant's motion to suppress.
 {¶ 9} Pursuant to a negotiated plea agreement, Defendant entered a plea of no contest to the OVI charge in violation of *Page 4 
R.C. 4511.19(A)(1)(a), and was found guilty by the trial court. In exchange, the State dismissed the other pending charges. The trial court sentenced Defendant to thirty days in jail, all suspended, a five hundred dollar fine with two hundred dollars suspended, and a one year license suspension. Execution of Defendant's sentence was stayed pending appeal.
 {¶ 10} Defendant timely appealed to this court from her conviction and sentence.
 {¶ 11} FIRST ASSIGNMENT OF ERROR
 {¶ 12} "THE TRIAL COURT ERRED IN FINDING THAT THE BREATH TEST WAS DONE WITHIN THREE HOURS."
 {¶ 13} SECOND ASSIGNMENT OF ERROR
 {¶ 14} "THE TRIAL COURT ERRED IN FINDING THAT WHETHER APPELLANT COULD BE CHARGED WITH 4511.19 OR 4511.194 WAS A QUESTION OF FACT FOR THE JURY."
 {¶ 15} THIRD ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT ERRED IN FINDING THAT THE TEST RESULTS WERE VALID."
 {¶ 17} Defendant argues that these three assignments of error are interrelated and should be considered together. She relies on them, in combination, to argue that the trial court erred when, on her plea of no contest, the court convicted Defendant of a violation of R.C. 4511.19(A)(1)(a), for two *Page 5 
reasons. First, because the evidence was insufficient as a matter of law to prove that she "operated" her vehicle for purposes of an R.C. 4511.19(A)(1)(a) violation. Second, even if the evidence of her operation of the vehicle was sufficient, the court erred when it overruled Defendant's motion to suppress evidence of her 0.174 BAC test result, and then relied on that evidence to convict her.
 {¶ 18} Defendant's first contention relies on R.C. 4511.194(B)(1), which provides: "No person shall be in physical control of a vehicle . . . if, at the time of the physical control . . . [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them."
 {¶ 19} R.C. 4511.194(A)(2) states:
 {¶ 20} "`Physical control' means being in the driver's position of the front seat of a vehicle or in the driver's position of a streetcar or trackless trolley and having possession of the vehicle's, streetcar's, or trackless trolley's ignition key or other ignition device."
 {¶ 21} Defendant concedes that she was in physical control of her vehicle for purposes of R.C. 4511.194(A)(2), and that the evidence was sufficient to prove a violation of R.C. 4511.194(B)(1). She further argues that her R.C. 4511.194 "physical control" violation precludes an R.C. 4511.19 *Page 6 
"operation" violation when, as here, there is no evidence of actual operation, and she asks us to find that the prosecutor is therefore precluded from charging an operation violation when a physical control violation applies instead.
 {¶ 22} We decline to so instruct the prosecutor, because the question of what charge or charges he may file is an issue committed to his sound discretion. "So long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring, generally rests entirely in his discretion, unless his decision making is based on an unjustifiable standard such as race or religion. It will not be presumed that a prosecutor's decision to prosecute has been invidious or in bad faith." 45 O. Jur.3d, Civil Servants and Other Public Officers and Employees, _ 457, p. 424 (internal citations omitted).
 {¶ 23} Furthermore, we see no justification for the distinction Defendant extracts from R.C. 4511.194. That section codifies the rule of law laid down in State v. Gill, 70 Ohio St.3d 150, 1994-Ohio-403, which held that a person who is found in the driver's seat of a vehicle with the key in the ignition is "operating" the vehicle for purposes of an R.C. 4511.19 violation. The General Assembly relied on that *Page 7 
rationale to create a separate "physical control" violation when it enacted R.C. 4511.194. In keeping with that decision, the General Assembly also enacted R.C. 4511.01(HHH), which provides: "`Operate' means to cause or have caused movement of a vehicle, streetcar, or trackless trolley."
 {¶ 24} Defendant points that she was not seen to operate her vehicle, a necessary element of the R.C. 4511.19(A)(1)(a) violation of which she was convicted. Notably, and in relation to movement of a vehicle, R.C. 4511.01(HHH) employs both the present tense ("to cause") and, alternatively, the past tense (to "have caused"), in defining the conduct to which that section applies. The past tense indicates action already completed. For purposes of R.C. 4511.19, to "have caused" movement of a vehicle is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St.3d 259.
 {¶ 25} Defendant was found behind the wheel of her vehicle, its motor running and in the drive gear position, with her foot on the brake pedal, the vehicle on the roadway at a stop sign, when she was found by the two troopers. Reasonable minds could find, beyond a reasonable doubt, that Defendant had caused movement of the vehicle to bring it to that *Page 8 
location, and therefore that she operated it for purposes of an R.C. 4511.19 violation.
 {¶ 26} The foregoing finding brings us to Defendant's second contention, which is that the trial court erred when it overruled Defendant's motion to suppress evidence of her BAC score of 0.174, and then relied on that evidence to convict Defendant of an R.C. 4511.19(A)(1)(a) "under the influence of alcohol" violation. Defendant relies on R.C. 4511.19 (D)(1)(b), which imposes a three hour limit between the time of the test and the alleged violation.
 {¶ 27} Defendant's BAC test was administered at 4:12 a.m. The time at which Defendant may "have caused" movement of her vehicle so as to operate it is not known. The State argues that the several inches the vehicle moved forward when, after being aroused, Defendant took her foot from the brake pedal sometime at or about 3:30 a.m. is sufficient. We are reluctant to adopt that view, as the cause of the movement was wholly involuntary and resulted from the trooper's efforts to awaken Defendant.
 {¶ 28} Nevertheless, we find no basis to reverse. The statutory time limit in R.C. 4511.19(D)(1)(b) applies in per se prohibited-alcohol-level offenses, and requires suppression when the time limit is exceeded. City of Newark v. Lucas *Page 9 
(1988), 40 Ohio St.3d 100. The same test result may, however, be admitted in evidence with the proper foundation provided by expert testimony in prosecutions for operating while under the influence of alcohol under R.C. 4511.19(A)(1)(a). Id.
 {¶ 29} Defendant's conviction was for a violation of R.C. 4511.19(A)(1)(a). In a trial of that charge, evidence of Defendant's BAC test score was admissible, conditioned on introduction of the necessary foundational evidence. Being a matter thus reserved for trial, the admissibility of Defendant's BAC test score as proof of the R.C. 4511.19(A)(1)(a) violation charged was not a matter the court could determine in a pretrial Crim. R. 12(C)(3) motion to suppress proceeding. Therefore, the trial court did not err when it overruled Defendant's motion. Defendant's plea of no contest was an admission of the truth of the fact alleged in the complaint that she was under the influence of alcohol when she operated her vehicle, and the court could convict her on that finding.
 {¶ 30} The assignments of error are overruled. The judgment of the trial court will be affirmed.
 {¶ 31} Post-script, we remind the prosecuting attorney's office that App. R. 19(A) provides that typewritten briefs shall be double-spaced between each line of text except for *Page 10 
quoted matter, which shall be single spaced. That requirement applies to the statement of the case and the statement of facts, which are single-spaced in the State's brief.
 BROGAN, J. and DONOVAN, J., concur. *Page 1