**[Cite as *State v. Miller*, 2024-Ohio-2009.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-22 |
| | : | |
| v. | : | Trial Court Case No. 22CR00254 |
| | : | |
| DOUGLAS MILLER | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 24, 2024

. . . . . . . . . . .

CHRISTOPHER BAZELEY, Attorney for Appellant

JESSE J. GREEN, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

{¶ 1} Defendant-Appellant Douglas Miller appeals from his conviction for operating a motor vehicle while under the influence of alcohol or a drug of abuse (OVI), with five prior OVI convictions in the previous 20 years. For the reasons outlined below, we modify the judgment of the trial court, affirm the judgment as modified, and remand for

resentencing.

## I.     Factual and Procedural Background

{¶ 2} The charges against Miller arose from allegations that, on September 30, 2022, he was found by Darke County Sheriff's Deputy William Toomey slumped over the steering wheel of a vehicle stopped in a ditch on the side of a rural road. In October 2022, Miller was indicted on several counts: one count of OVI with five prior OVI convictions within the previous 20 years in violation of R.C. 4511.19(A)(1)(b)/(G)(1)(d), a felony of the fourth degree; one count of having physical control of a motor vehicle while under the influence of alcohol or drug of abuse in violation of R.C. 4511.194(B)(1), a misdemeanor of the first degree; and one count of driving under suspension in violation of R.C. 4510.11(A), a misdemeanor of the first degree. Miller pled not guilty to all the charges.

{¶ 3} At a bench trial on August 25, 2023, Deputy Toomey testified that on September 30, 2022, at approximately 1:58 a.m., he was traveling in his cruiser near Harrison-Bradford Road in Darke County when he found a vehicle in the south ditch of the roadway; it was off the road with its lights on, it was not moving, and it appeared to have been involved in a crash.

{¶ 4} Upon approaching the vehicle, Deputy Toomey observed Miller alone in the vehicle behind the steering wheel. He tapped on the window several times until Miller woke up. When Toomey asked Miller if he had his driver's license, Miller replied that his license had been suspended. Toomey could not recall if the vehicle had been running or if the keys were in the ignition, and he testified that he never saw Miller move the vehicle. He believed Miller to be disoriented with glassy bloodshot eyes and slurred speech,

observed alcoholic beverages on the passenger's seat and in a cooler on the floor, and noted that the vehicle's windows were foggy.

{¶ 5} Deputy Toomey asked Miller to step out of the vehicle and offered field sobriety and breathalyzer tests, which Miller refused. He then transferred Miller to jail, where Miller was given another opportunity by jail staff to take a breathalyzer test, which he again refused. Toomey then obtained a warrant and took Miller to Wayne Healthcare, where his blood was drawn. Miller's blood test was positive for methamphetamine at a concentration exceeding the legal limit.

{¶ 6} At trial, the State also introduced an uncertified copy of Miller's Law Enforcement Automatic Data System (LEADS) driving record to prove that Miller was driving under suspension at the time of the incident and that he had had at least five prior OVI convictions within the previous 20-year period. Miller's counsel objected to the admission of the LEADS record, arguing that proof of a prior conviction must be done by a certified judgment entry and may not be offered based on an uncertified LEADS printout. At the conclusion of the State's case, Miller moved for acquittal pursuant to Crim.R. 29, arguing that the State had failed to offer sufficient evidence of Miller's prior convictions. The trial court overruled Miller's motion.

{¶ 7} The trial court found Miller guilty of all charges, although it noted that the State had not presented direct evidence that Miller had possessed the vehicle's ignition key or other ignition device or that law enforcement officers had observed Miller driving the vehicle. In finding Miller guilty of OVI, the trial court reasoned that the circumstances of the situation, including the location of the vehicle on a rural road, the time of day, the

location of Miller in the driver's seat with the vehicle's lights on, and Miller's being the only person around in the rural area, were sufficient to conclude beyond a reasonable doubt that Miller had not only had "physical control" of the vehicle but also had been "operating/driving" it. The trial court merged the OVI and physical control offenses and sentenced Miller on the OVI and driving under suspension offenses.

{¶ 8} Miller filed a timely notice of appeal.

## II.     Assignments of Error

{¶ 9} Miller asserts the following two assignments of error:

MILLER'S CONVICTION FOR OVI IS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.

THE TRIAL COURT ERRED WHEN IT OVERRULED MILLER'S MOTION FOR ACQUITTAL PURSUANT TO CRIM.R. 29.

{¶ 10} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Marshall*, 191 Ohio App.3d 444, 2010-Ohio-5160, 946 N.E.2d 762, ¶ 52 (2d Dist.), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*

{¶ 11} In his first assignment of error, Miller initially contends that his conviction for

OVI was not supported by legally sufficient evidence. In so arguing, Miller points out that Deputy Toomey could not recall if the engine had been running or if the keys had been in the ignition when he found Miller, and Toomey had no specific information regarding whether Miller himself had driven the vehicle into the ditch. Miller concedes that he was in physical control of the vehicle but argues that he was not operating the vehicle within the meaning of R.C. 4511.01(HHH). We disagree.

{¶ 12} We note that Miller was charged with one count of having physical control of a motor vehicle while under the influence of alcohol or drug of abuse in violation of R.C. 4511.194(B)(1). R.C. 4511.194(B)(1) provides, in part, that no person shall be in physical control of a vehicle if, at the time of the physical control, the person is under the influence of alcohol, a drug of abuse, or a combination of them. In this circumstance, "physical control" means being in the driver's position of the front seat of a vehicle and having possession of the vehicle's ignition key or other ignition device. R.C. 4511.194(A)(2).

{¶ 13} Miller was also charged with one count of OVI with five prior OVI convictions within the last 20 years in violation of R.C. 4511.19(A)(1)(b)/(G)(1)(d). R.C. 4511.19 states, in part, that no person shall operate any vehicle within the state if, at the time of operation, the person is under the influence of alcohol, a drug of abuse, or a combination of them. "Operate" means to cause or have caused movement of a vehicle. R.C. 4511.01(HHH). "[I]n relation to movement of a vehicle, R.C. 4511.01(HHH) employs both the present tense ('to cause') and, alternatively, the past tense (to 'have caused'), in defining the conduct to which that section applies. The past tense indicates action

already completed." *State v. Halpin*, 2d Dist. Clark No. 2007-CA-78, 2008-Ohio-4136, ¶ 24. "For purposes of R.C. 4511.19, to 'have caused' movement of a vehicle is a fact that may be proved by circumstantial evidence, which inherently possesses the same probative value as direct evidence." (Citation omitted.) *Id.*

{¶ 14} "[T]he difference between an OVI and a physical control violation, besides the penalties, is that an OVI requires actual movement of the vehicle, whereas a physical control violation does not." *State v. Schultz*, 8th Dist. Cuyahoga No. 90412, 2008-Ohio-4448, ¶ 25. Thus, "if there is no evidence that the person moved or caused the vehicle to move, that person cannot be convicted of OVI, but may be convicted of being in physical control of a vehicle while under the influence." *Id.*

{¶ 15} Still, "a person who is found passed out in his vehicle on the side of the highway may be convicted of an OVI because a jury could infer that the vehicle was moved to that location." *Id.* at ¶ 25. For example, in *State v. Barnard*, 5th Dist. Stark No. 2010-CA-0082, 2010-Ohio-5345, ¶ 28-32, the Fifth Appellate District held that the State had presented sufficient circumstantial evidence that the defendant had operated the vehicle while under the influence where the police found the defendant's vehicle in the median island after running over traffic cones, the defendant was alone and strapped in the driver's seat, and the defendant did not deny driving the vehicle.

{¶ 16} In this case, Miller's blood test following his arrest was positive for methamphetamine at a concentration exceeding the legal limit. The State set forth evidence that Miller was found slumped over the steering wheel in the driver's seat of a vehicle in a ditch on a rural road at around 2:00 a.m. Although there was no evidence

that the keys were in the ignition or the engine was running, Deputy Toomey observed Miller alone in the vehicle, behind the steering wheel, and there was no one else at the scene. Toomey had to tap several times to wake Miller up and noticed that Miller was disoriented with glassy bloodshot eyes and slurred speech, that there were alcoholic beverages in the vehicle, and that the vehicle's lights were on. We agree with the trial court that these facts constituted circumstantial evidence that Miller had operated the vehicle to bring it to the side of the rural road where it was found. Thus, in viewing the evidence in a light most favorable to the prosecution, we conclude that the State put forth sufficient evidence that, if believed, allowed a trier of fact to find Miller guilty of OVI in violation of R.C. 4511.19. Therefore, the first portion of Miller's first assignment of error is overruled.

{¶ 17} Next, Miller contends that, in order to convict him of OVI as a felony of the fourth degree, the State had the burden to prove beyond a reasonable doubt that he had had five prior OVI convictions within the previous 20 years. Miller argues that the State was required to prove Miller's prior convictions either by stipulation or by providing a certified copy of the prior judgments or a certified copy of Miller's records maintained by the Ohio Bureau of Motor Vehicles, which the State did not do. We agree.

{¶ 18} Whoever violates any provision of R.C. 4511.19(A)(1)(a) to (i) or (A)(2) "is guilty of operating a vehicle under the influence of alcohol, a drug of abuse, or a combination of them." R.C. 4511.19(G)(1). For such offenses, an offender is typically sentenced under R.C. Chapter 2929. *Id.* However, subject to certain exceptions, "* * * an offender who, within twenty years of the offense, previously has been convicted of or

pleaded guilty to five or more violations of that nature, * * * is guilty of a felony of the fourth degree" and is sentenced accordingly.    R.C. 4511.19(G)(1)(d).

{¶ 19} Whenever it is necessary to prove a prior conviction, "a certified copy of the entry of judgment in such prior conviction together with evidence sufficient to identify the defendant named in the entry as the offender in the case at bar, is sufficient to prove such prior conviction."   R.C. 2945.75(B)(1).   Alternatively, whenever it is necessary to prove a prior conviction "of an offense for which the registrar of motor vehicles maintains a record, a certified copy of the record that shows the name, date of birth, and social security number of the accused is prima-facie evidence of the identity of the accused and prima-facie evidence of all prior convictions shown on the record."   R.C. 2945.75(B)(2).

{¶ 20} At trial, the State introduced an uncertified printout of Miller's LEADS report as evidence of Miller's prior OVI convictions. However, an uncertified LEADS printout does not satisfy the requirements of R.C. 2945.75 to prove that Miller had prior OVI convictions. Because this was the only method employed by the State to establish the existence of prior convictions, we cannot conclude that the evidence was legally sufficient to prove beyond a reasonable doubt that Miller had the five prior OVI convictions necessary to support a conviction of R.C. 4511.19 as a felony of the fourth degree. Therefore, the second portion of Miller's first assignment of error as to his prior convictions is sustained.

{¶ 21} In his second assignment of error, Miller contends that the trial court erred when it overruled Miller's motion for acquittal pursuant to Crim.R. 29. Miller argues that his conviction for OVI was not supported by legally sufficient evidence as to whether he

was operating the vehicle and whether he had the requisite five prior OVI convictions within the previous 20 years to convict him of a fourth-degree felony.

{¶ 22} Crim.R. 29(A) provides that the court shall order judgment of acquittal if the evidence is insufficient to sustain a conviction. "The standard of review for a denial of a Crim.R. 29(A) motion for acquittal is the same as the standard of review for a sufficiency of the evidence claim." *State v. Keith*, 12th Dist. Clermont No. CA2022-03-007, 2022-Ohio-3515, ¶ 14, citing *State v. Robinson*, 12th Dist. Clermont No. CA2015-01-013, 2015-Ohio-4533, ¶ 37. "Thus, a Crim.R. 29(A) motion tests the adequacy of the state's evidence, and requires a court to determine whether the state has met its burden of production at trial." *Id.*, citing *State v. Terry*, 12th Dist. Fayette No. CA2001-07-012, 2002-Ohio-4378, ¶ 16. A reviewing court "must examine the evidence to determine whether any rational trier of fact, when viewing the evidence in a light most favorable to the prosecution, could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, citing *State v. Smith*, 12th Dist. Warren Nos. CA2012-02-017 and CA 2012-02-018, 2012-Ohio-4644, ¶ 25.

{¶ 23} Having already determined under Miller's first assignment of error that the evidence was legally sufficient that Miller was operating the vehicle and was insufficient to prove that Miller had the requisite five prior OVI convictions, we need not further consider these matters under Miller's second assignment of error. Miller's second assignment of error is sustained in part and overruled in part on the basis of our resolution of the first assignment of error pertaining to the sufficiency of the evidence.

### III.    Conclusion

{¶ 24} As set forth above, Miller's assignments of error are sustained in part and overruled in part. The judgment of the trial court is modified to reflect Miller's conviction on a first-degree misdemeanor rather than a fourth-degree felony, and the conviction is affirmed as modified. The matter will be remanded to the trial court for resentencing.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.